# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Nationstar Mortgage, LLC, | ) |
|         Plaintiff, | ) |
| v. | )   **ORDER** |
| Roger F. Kennedy aka Roger Kennedy; Donna J. Kennedy aka Donna Kennedy; United States of America acting by and through the Internal Revenue Service; North Dakota State Tax Commissioner; and any person in possession, | ) |
|         Defendants. | ) |
| Roger F. Kennedy aka Roger Kennedy; Donna J. Kennedy aka Donna Kennedy, | )   Case No. 1:17-cv-158 |
|         Counterclaim Plaintiff, | ) |
| v. | ) |
| Nationstar Mortgage, LLC, | ) |
|         Counterclaim Defendant. | ) |

The following facts are either uncontested or presumed to be true for the purposes of this order. Roger and Donna Kennedy executed and delivered to Nationstar Mortgage, LLC ("Nationstar") a promissory note for $255,153.10. To secure the note, they executed and delivered to Nationstar a mortgage on real property located in Hazen, North Dakota.

In June 2017 Nationstar initiated the above-captioned action in state district court, seeking to foreclose on the aforementioned mortgage. (Doc. No. 1-2). The United States was named as a party as there was a federal tax lien encumbering the mortgaged property. (Id.).

On July 28, 2017, the United States removed the action to this court. (Doc. No. 1). On March 30, 2020, the parties filed a stipulation to dismiss the United States as the federal tax lien encumbering the mortgaged property had expired. (Doc. No. 19). On March 31, 2020, the court issued an order adopting the parties' stipulation and dismissing the United States. (Doc. No. 20).

On June 22, 2020, Nationstar filed a Motion to Substitute Party. (Doc. No. 25). It advises that the Kennedy's mortgage had been transferred to Kondaur Capital Corporation, not in its individual capacity but solely in its capacity as Separate Trustee of Matawin Ventures Trust Series 2019-4, by an Assignment of Mortgage recorded in Mercer County on May 28, 2020. It further advises that it has transferred to physical possession of promissory note secured by the mortgage to Kondaur Capital Corporation. It requests that Kondaur Capital Corporation, not in its individual capacity but solely in its capacity as Separate Trustee of Matawin Ventures Trust Series 2019-4, be substituted as the named plaintiff pursuant to Fed. R. Civ. P. 25(c). It has certified that it has served the remaining defendants with the motion.

More than 14 days has now passed since Nationstar filed its motion and none of the remaining defendants have filed a response or otherwise objected. Their silence may be deemed an admission that the motion is well taken. See D.N.D. Civ. L.R. 7.1(F).

"Rule 25(c) permits substitutions when ... an interest is transferred during a lawsuit." Columbian Bank & Tr. Co. v. Miller, 384 F. App'x 524, 525 (8th Cir. 2010) (quoting ELCA Enters, Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 190-1 (8th Cir. 1995)). Specifically, it provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "In other words, the rule serves as a procedural

mechanism to bring a successor in interest into court when it has come to own the property in issue." Rodriguez-Miranda v. Benin, 829 F.3d 29, 40 (1st Cir. 2016) (internal quotation marks omitted). "The rule is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit." ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 191 (8th Cir. 1995) (internal quotation marks omitted). "Whether to grant a motion to substitute parties under Rule 25(c) is within the discretion of the district court." Jackson Nat'l Life Ins. Co. v. Bohnert, No. 15-CV-3044 (WMW/DTS), 2020 WL 3077352, at *2 (D. Minn. June 10, 2020) (citing Froning's, Inc. v. Johnston Feed Serv., Inc., 568 F.2d 108, 110 n.4 (8th Cir. 1978).

As there appears to be no dispute that Kondaur Capital Corporation, not in its individual capacity but solely in its capacity as Separate Trustee of Matawin Ventures Trust Series 2019-4, has acquired the mortgage at issue through a properly recorded assignment, its substitution as the named plaintiff is appropriate. Accordingly, the court **GRANTS** Nationstar's motion (Doc. No. 25). Kondaur Capital Corporation, not in its individual capacity but solely in its capacity as Separate Trustee of Matawin Ventures Trust Series 2019-4, shall be substituted in place of Nationstar as the named plaintiff. Nationstar shall remain as the counterclaim defendant in this matter

**IT IS SO ORDERED.**

Dated this 8th day of July, 2020.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court